**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL**
**WORKERS LOCAL NO. 43 PENSION, ANNUITY and**
**HEALTH AND WELFARE FUNDS, by Paul Kloc,**
**as Plan Manager; CENTRAL NEW YORK JOINT**
**APPRENTICESHIP AND TRAINING COMMITTEE**
**FOR THE ELECTRICAL INDUSTRY, by Peter Dulcich,**
**as Training Director; NATIONAL ELECTRICAL**
**BENEFIT FUND, by John M. Grau and Edwin D. Hill,**
**as Trustees; CENTRAL NEW YORK LABOR**
**MANAGEMENT COOPERATION COMMITTEE,**
**by William Towsley and Ernest Kuhn, as Trustees;**
**NECA-IBEW NATIONAL LABOR-MANAGEMENT**
**COOPERATION COMMITTEE TRUST FUND,**
**by John M. Grau and John J. Barry, as Trustees;**
**I.B.E.W. LOCAL UNION NO. 42, by William Towsley,**
**as Business Manager; FINGER LAKES NEW YORK**
**CHAPTER, NATIONAL ELECTRICAL**
**CONTRACTORS ASSOCIATION, by Marilyn Oppedisano,**
**Chapter Manager,**

                          **Plaintiffs,**                        5:05-CV-754
                                                                            (NAM/GHL)

v.

**MEACHAM ELECTRICAL CONTRACTORS, INC.;**
**NNYS INC.; SHELDON MEACHAM, Individually**
**and as an Officer of Meacham Electrical Contractors, Inc.**
**and NNYS, INC.,**

                          **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

Blitman & King LLP                             Jennifer A. Clark, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
*For Plaintiffs*

**Hon. Norman A. Mordue, Chief Judge:**

                         **MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Plaintiffs International Brotherhood of Electrical Workers Local No. 43 Pension, Annuity and Health and Welfare Funds, by Paul Kloc, as Plan Manager; Central New York Joint Apprenticeship and Training Committee for the Electrical Industry, by Peter Dulcich, as Training Director; National Electrical Benefit Fund, by John M. Grau and Edwin D. Hill, as Trustees; Central New York Labor Management Cooperation Committee, by William Towsley and Ernest Kuhn, as Trustees; NECA-IBEW National Labor-Management Cooperation Committee Trust Fund, by John M. Grau and John J. Barry, as Trustees; I.B.E.W. Local Union No. 42, by William Towsley, as Business Manager; Finger Lakes New York Chapter, National Electrical Contractors Association, by Marilyn Oppedisano, Chapter Manager, bring this action alleging that defendant Meacham Electrical Contractors Inc., violated sections 515 and 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, and section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), by failing to timely remit fringe benefit contributions and deductions to plaintiffs from March 2004 through September 2004. Plaintiffs move for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and seek to collect delinquent fringe benefit contributions, deductions, interest, liquidated damages, costs and disbursements, and attorneys' fees and costs.

## II.     FACTS

According to the complaint and plaintiffs' motion papers, defendant Meacham Electrical Contractors, Inc., is party to a collective bargaining agreement with International Brotherhood of Electrical Workers, Local Union No. 43 ("Agreement"). The Agreement obligates defendants to remit fringe benefit contributions and deductions to plaintiffs for all hours worked by employees who are covered by the collective bargaining agreement, i.e., performing bargaining unit work.

The Agreement binds defendants to the conditions, rules, and regulations of the Agreements and Declarations of Trust of the International Brotherhood of Electrical Workers Local No. 43 Pension, Annuity and Health and Welfare Funds (Local No. 43 Funds"), the Agreement and Declaration of Trust of the Central New York Joint Apprenticeship and Training Committee for the Electrical Industry ("Local No. 43 JATC"), the Agreement and Declaration of Trust of the NECA – I.B.E.W. National Labor-Management Cooperation Committee Trust Fund ("National LMCC"), and the Collections Policy of the Local No. 43 Funds ("Collections Policy"). The Agreements and Declarations of Trust and the Collections Policy, together with §§ 515 and 502(g)(2) of ERISA, and § 301(a) of the LMRA obligate defendants, if delinquent in remitting contributions and deductions, to pay the delinquent amounts as well as interest, liquidated damages, and the costs and fees of collection, and attorneys' fees.

Plaintiffs allege that from March 2004 through September 2004, defendants failed to timely remit fringe benefit contributions and deductions to plaintiffs. Plaintiffs commenced this action to collect the delinquent contributions and deductions as well as applicable interest, liquidated damages, costs and fees of collection, and attorneys' fees.

**III.    DISCUSSION**

    **A.    Standard – Default Judgment Rule 55(b)**

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987). Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted. Plaintiffs must: (1) properly serve defendants with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting

forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant are is not infants or incompetent, or in the military service. *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Plaintiffs filed the complaint on June 26, 2005, and served defendants on June 25, 2005. On September 13, 2005, plaintiffs received a Clerk's Entry of Default. In connection with their motion for default judgment, plaintiffs have submitted an affidavit by their counsel showing that defendants are not infants or incompetent, and are not in the military service. Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment and defendants have not appeared in this action or opposed the present motion. Accordingly, the Court turns to liability.

**B.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 61415, *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992). The allegations in plaintiffs' complaint are therefore presumed accurate.

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Med. and Clinical Servs. Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay

4

company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Here, according to the complaint, defendants employed individuals who were covered by employee benefit plans and multi-employer plans maintained pursuant to the Agreement. The Agreements, Trusts, and Collections Policy require defendants to pay contributions and deductions on behalf of covered employees in a timely manner. Plaintiffs contend in the complaint that defendants failed to remit the required contributions and deductions from March 2004 through September 2004. Thus, defendants' conduct, as alleged, stands in violation of ERISA.

Additionally, according to the complaint, defendants employed individuals covered by the Agreements to work on various projects, and received money for such work. The complaint alleges that the monies plaintiffs received from these projects are the plaintiff Plans' assets, and that defendant Sheldon Meacham, who had managerial discretion and control over Meacham Electrical Contractors, Inc., and NNYS, Inc., commingled, or permitted commingling of the Plans' assets, and used them to pay other creditors instead of paying the Plan. Defendant Sheldon Meacham may therefore be held personally liable under ERISA.

**C.    Damages**

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs

to enforce an employer's obligations to remit contributions in accordance with the terms of the Agreement, Agreement and Declarations of Trust, and Collections Policy, and collect delinquent contributions and deductions, interest, liquidated damages, and audit fees. *See* 29 U.S.C. § 1132(g)(2)(A-D).

In this case, plaintiffs have submitted a number of documents which they claim show the damages they sustained as a result of defendants' conduct. The facts and documents in this regard, however are introduced through the affidavit of plaintiffs' counsel, who does not purport to have personal knowledge. Thus, there is insufficient evidence on which to enter the amount of damages. *See id*. at 154-55 (finding there was insufficient evidence on which to enter the amount of the judgment because "[a]t the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff as a result of defendant's failure to deliver the securities."). Accordingly, this matter is hereby referred to the Honorable George H. Lowe for the purpose of conducting a hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages and to prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages upon which he determines plaintiffs are entitled to have judgment entered.[1]

**IV.    CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendants in failing to answer the Complaint or make any appearance in this matter and the Clerk of the Court having entered default by

---

[1] There is evidence in admissible form regarding attorneys' fees. The Court will, however, refrain from calculating any award at this time and will instead await a Report and Recommendation from Magistrate Judge Lowe on this issue.

6

defendants on September 13, 2005, and no appearance or objection having been made by defendants since that time, plaintiffs' motion for default judgment against defendants is **GRANTED**; and it is further

**ORDERED** that this matter is referred to the Honorable George H. Lowe for the purpose of conducting a hearing pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages; and it is further

**ORDERED** that Magistrate Judge Lowe prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages upon which he determines plaintiffs are entitled to have judgment entered.

**IT IS SO ORDERED.**

Dated: April 24, 2006
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge