**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL**
**WORKERS LOCAL NO. 43 PENSION, ANNUITY and**
**HEALTH AND WELFARE FUNDS, by Paul Kloc,**
as Plan Manager; **CENTRAL NEW YORK JOINT**
**APPRENTICESHIP AND TRAINING COMMITTEE**
**FOR THE ELECTRICAL INDUSTRY, by Peter Dulcich,**
as Training Director; **NATIONAL ELECTRICAL**
**BENEFIT FUND, by John M. Grau and Edwin D. Hill,**
as Trustees; **CENTRAL NEW YORK LABOR**
**MANAGEMENT COOPERATION COMMITTEE,**
by William Towsley and Ernest Kuhn, as Trustees;
**NECA-IBEW NATIONAL LABOR-MANAGEMENT**
**COOPERATION COMMITTEE TRUST FUND,**
by John M. Grau and John J. Barry, as Trustees;
**I.B.E.W. LOCAL UNION NO. 42, by William Towsley,**
as Business Manager; **FINGER LAKES NEW YORK**
**CHAPTER, NATIONAL ELECTRICAL**
**CONTRACTORS ASSOCIATION, by Marilyn Oppedisano,**
**Chapter Manager,**

       **Plaintiffs,**       5:05-CV-754
                       (NAM/GHL)
**v.**

**MEACHAM ELECTRICAL CONTRACTORS, INC.;**
**NNYS INC.; SHELDON MEACHAM, Individually**
and as an Officer of Meacham Electrical Contractors, Inc.
and NNYS, INC.,

       **Defendants.**
_____

**APPEARANCES:**               **OF COUNSEL:**

Blitman & King LLP            Jennifer A. Clark, Esq.
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
*For Plaintiffs*

Joseph C. Watt, Jr., Esq.          Joseph C. Watt, Jr. Esq.
316 S. Clinton Street

Syracuse, New York 13202
*For Defendants*

**Hon. Norman A. Mordue, Chief Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.     BACKGROUND**

On June 2, 2008, the Court granted plaintiffs' motion for default judgment against defendants and entered judgment in favor of plaintiff's in the amount of $24, 882.74. On August 27, 2008, plaintiffs served a request for production of documents and a notice to take deposition on defendants, but received no response. On March 11, 2009, plaintiffs filed a motion to enforce the judgment and compel discovery. On July 23, 2009, the Court granted plaintiffs' motion and ordered defendants to submit a written response to plaintiffs' document production request and produce all documents plaintiffs requested. The Court ordered that defendants appear for a deposition in accordance with the notice of deposition plaintiffs previously served. The Court further ordered that defendants pay $1,758.16 to plaintiffs' attorneys - the legal fees plaintiffs incurred in bringing the motion to enforce.

In a letter dated July 28, 2009, plaintiffs informed defendants that a document review and deposition were scheduled for August 10, 2009 at plaintiffs' attorney's office in Syracuse, New York. Plaintiffs enclosed a copy of the Court's order directing discovery with the letter. Plaintiffs advised defendants that they would "seek a Court Order holding you in contempt and further sanctioning you for violating Judge Mordue's Order, if they failed to respond. Plaintiffs received no response and defendants did not appear for deposition. In a letter dated August 20, 2009, plaintiffs requested that defendants contact plaintiff's attorney to reschedule the deposition. Again, plaintiffs advised defendants that they would seek sanctions if they

2

continued to ignore the Court's Order. Defendants did not respond and on November 2, 2009, plaintiffs filed the instant motion.

In a letter dated November 24, 2009, plaintiffs requested an adjournment regarding the instant motion because they "recently discovered that the defendant Sheldon Meacham has relocated to Oklahoma. Thus, it will take longer than anticipated to effectuate service" of the motion for contempt on defendants.

On January 11, 2010, defendants filed a response to plaintiffs' motion for contempt and to compel compliance. According to defendants' attorney, the Court's judgment, plaintiffs' letter dated August 27, 2008 requesting the production of documents and that defendants submit to deposition, and the Court's Order entered on July 23, 2009 compelling discovery, "were never served on my client nor did he have knowledge thereof." Defendants' attorney stated that defendant Sheldon Meacham "has submitted documents requested by Plaintiffs and has advised that he will fully cooperate with Plaintiffs' reasonable requests." Additionally, according to defendants' attorney, Mr. Meacham "is ready, willing and able to be deposed in Ponca City Oklahoma where he works and presently resides of ir Plaintiffs desire will appear in Syracuse, New York if the Plaintiffs are willing to be responsible for the reasonable expenses to be incurred by the Defendant".

In reply, plaintiffs assert that they properly completed service of the relevant papers by mailing them to Mr. Meacham's last known address, as listed on his 2008 federal income tax returns, in Lowville, New York. Plaintiffs further assert that Mr. Meacham's production of documents was deficient. Plaintiffs requested "documentation from January 2007 to date relating to defendants' financial interests, transfer of property, employment information,

3

financial condition and debts and obligations." Plaintiffs state that Mr. Meacham only produced "tax returns, results of a judgment search and a joint checking account statement."

In reply to Mr. Meacham's indication that he would submit to deposition in Oklahoma or in Syracuse, at plaintiffs' expense, plaintiffs request the Court direct Mr. Meacham to appear for a deposition in Syracuse.

Defendants responded that Mr. Meacham would "complete a list of his living expenses and furnish those to plaintiffs' counsel" and would also "provide additional information when available and/or requested including an income and expenses statement inclusive of support of his wife and three children."

## II. DISCUSSION

Plaintiffs seek an order pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure finding defendants in contempt for disobeying the Court's July 23, 2009 Order. Plaintiffs also seek an order directing defendants to appear for a deposition in Syracuse, New York, produce their records, and pay plaintiffs' attorneys' fees and a fine.

The Court has wide discretion to impose sanctions under Rule 37 for failing to comply with a court order. *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002). The sanctions available under Rule 37(b) for failing to comply with a court order include an order: establishing facts; precluding certain evidence, issues or claims; striking pleadings or dismissing an action; or treating the failure to comply as a contempt of court. Rule 37(b) also provides that "[i]n lieu of any of the foregoing orders [awarding sanctions] or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused

by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b).

"Among the factors a court should consider in selecting an appropriate sanction are (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the non-compliance, and (4) whether the non-compliant party has been warned of the consequences of non-compliance." *3801 Beach Channel, Inc. v. Shvartzman*, 2007 WL 2891119, *4 (E.D.N.Y. 2007). "No particular factor is dispositive, and "sanctions must be weighed in light of the full record in the case." *Id*. (citing *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp*., 602 F.2d 1062, 1068 (2d Cir. 1979) and *Nat'l Hockey League v. Metro. Hockey Club, Inc*., 427 U.S. 639, 642 (1976) (per curiam)).

Plaintiffs assert that they properly served defendants and the last known address, and that the discovery Mr. Meacham provided is late and inadequate. Plaintiffs further assert that in view of defendants' disregard of plaintiffs' discovery requests, and because the transaction occurred in New York and defendants' real property is in New York, the Court should order Mr. Meacham to appear for a deposition in Syracuse, New York.

In this case, liability and damages have been established in plaintiffs' favor. The only remaining issue is the enforcement of the judgment. Defendants assert that they did not comply with the Court's order because they were not aware of it until recently. Defendants further assert that now that they are aware of the order, they are attempting to produce the documents plaintiffs requested. According to defendants' attorney, Mr. Meacham is willing to be deposed, though only at plaintiffs' expense. Finally, defendants object to plaintiffs'

5

request for payment of fines, fees and costs because "there was no appearance by any representative of Sheldon Meacham at any prior proceeding before the Court" and plaintiffs were able to locate Mr. Meacham to personally serve him with the Motion papers in Oklahoma in November 2009, and all prior notices were sent by mail to his former residence", where his wife, from whom he was estranged, received them but did not forward to him.

As an initial matter, the Court's prior award of attorneys' fees in the amount of $1,758.16 is not under reconsideration, thus, defendant is liable for them. *See also* 29 U.S.C. § 1132(g)(2)(D) ("In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan– . . . reasonable attorney's fees and costs of the action, to be paid by the defendant").

Regarding the discovery of documents, in view of defendants' continuing attempts to comply with plaintiffs' requests, the Court finds sanctions inappropriate at this point. Now that defendants are aware of their discovery obligations, however, they must comply with plaintiffs' document requests; failure to do so will result in sanctions or a finding of contempt.

The Court further finds defendants' failure to comply with the Court's order to appear for a deposition does not warrant an order of contempt at this point, because the Court had not warned of that consequence in its prior order. Defendants are now advised that the Court will impose sanctions or find them in contempt if they refuse to comply with the Court's prior order directing defendants to "appear, within 30 days of service upon defendants of this Order, for a deposition in accordance with plaintiffs' Notice of Deposition dated August 27,

2008." While the Court is aware of Mr. Meacham's objection to traveling to New York for a deposition, there has been no showing of financial hardship or of an impediment to such travel. Further, because liability and damages have been established and awarded to plaintiffs, and plaintiffs are conducting the deposition in an effort to enforce the judgment against defendants that they, so far, have been unable to enforce, the Court finds the deposition of Mr. Meacham in Syracuse, New York, at his expense, reasonable. The Court, however, directs plaintiffs to consider whether the deposition could be taken by telephone or other remote means.

Finally, the Court directs defendants to pay, in addition to the $1,758.16 in fees previously awarded to plaintiffs, $1,570.19. The latter amount represents the reasonable fees and costs plaintiffs incurred in attempting to obtain discovery, bringing discovery motions, and enforcing the Court's prior order.

## III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that plaintiffs' motion for contempt is DENIED without prejudice to renewal in the event defendants fail to produce the requested documents or appear for deposition; and it is further

ORDERED that plaintiffs' motion to compel discovery and to direct defendants to appear for deposition in Syracuse, New York is GRANTED; and it is further

ORDERED that defendants shall appear, within 30 days of service upon defendants of this Order, for a deposition in accordance with plaintiffs' Notice of Deposition dated August 27, 2008; and it is further

ORDERED that defendants shall pay $3,328.35 to plaintiffs' attorneys, Blitman & King, LLP, such monies representing the reasonable attorneys' fees and paralegal fees, incurred by plaintiffs in bringing this motion through January 19, 2010.

IT IS SO ORDERED.

Dated: April 7, 2010
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge